UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT CHARMOLI,

        Plaintiff,

  v.

ASPEN AMERICAN INSURANCE COMPANY,

        Defendant.

Case No. 23-cv-321-pp

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO WITHDRAW REFERENCE (DKT. NO. 1)**

---

The defendant in an adversary proceeding in the U.S. Bankruptcy Court for the Eastern District of Wisconsin filed a motion asking this court to withdraw the reference and proceed with the case in the district court. Dkt. No. 1. For the reasons provided below, the court will deny the motion without prejudice.

**I.    Factual Background & Procedural History**

When he was a practicing dentist, plaintiff Scott Charmoli purchased three professional liability insurance policies covering successive one-year periods from March 1, 2018 to March 1, 2021 from defendant Aspen American Insurance Company. Dkt. No. 1-1 at 129. In December 2020, the plaintiff was indicted in the Eastern District of Wisconsin for healthcare fraud and making false statements to dental insurance providers. United States v. Charmoli, Case No. 20-cr-242-LA (E.D. Wis.), Dkt. No. 1. The presiding judge was District

1

Judge Lynn Adelman. On March 10, 2022, the plaintiff was convicted of five counts of healthcare fraud and two counts of making false statements relating to healthcare matters. Id. at Dkt. No. 76. From February 2021 through December 2021, approximately ninety former patients filed civil actions against the plaintiff in four separate Washington County Circuit Court cases.[1] See Dkt. No. 1-1 at 83, 92–93, 129–30. The defendant also was named as a defendant in three of the four civil proceedings. Id. at 93, 130.

In October 2022, the plaintiff and his wife filed a joint petition under Chapter 11, Subchapter V of the Bankruptcy Code to liquidate their non-exempt assets and confirm a plan of reorganization. Dkt. No. 1-1 at 135; In re Scott and Lynne Charmoli, Case No. 22-24358-gmh (Bankr. E.D. Wis.). On December 14, 2022, the debtor/plaintiff filed a complaint commencing an adversary proceeding against the defendant in Case No. 22-02130-gmh. Dkt. No. 1-1 at 2 (docket sheet), 36–40 (complaint). The debtor/plaintiff filed an amended complaint on February 27, 2023. Id. at 127–34. The debtor/plaintiff sought "to obtain a declaration that the insurance policies remain in force and effect and that the Defendant remains obligated to defend and indemnify the Plaintiff against various claims asserted by his former patients . . . ." Dkt. No. 1-1 at 127.

---

[1] Arkens v. Charmoli, Washington County Case No. 2021CV61; Hoepner v. Charmoli, Washington County Case No. 2021CV496; Becker v. Charmoli, Washington Counnty Case No. 2021CV584; Fergus v. Charmoli, Washington County Case No. 2021CV585.

On January 20, 2023, the defendant filed a motion to withdraw the reference as to the adversary proceeding. Dkt. No. 1-1 at 3, 7–34. The debtor/plaintiff filed a brief in opposition to the defendant's motion to withdraw the reference. Id. at 86–106. See id. at 107–25 (defendant's reply brief in support of motion). On February 14, 2023, the defendant filed a motion in the bankruptcy case to dismiss the adversary complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 1-1 at 4 (bankruptcy court docket at Dkt. No. 22). See also id. at 6 (defendant filed supplemental briefing in support of the motion to dismiss after debtor/plaintiff filed amended complaint).

On March 9, 2023, Chief Bankruptcy Judge G. Michael Halfenger issued a report recommending that this court deny the defendant's motion to withdraw the reference as premature or "withdraw the reference only for the purpose of conducting a trial, otherwise leaving the reference in place so that the bankruptcy court may oversee all pretrial matters, including any motions for summary judgment." Dkt. No. 1-1 at 136. The defendant then filed a motion to withdraw the reference in this court, dkt. no. 1, followed by objections to Chief Judge Halfenger's report and recommendation, dkt. no. 2. The debtor/plaintiff has not filed a response or otherwise appeared before this district court.

On April 28, 2023, Chief Judge Halfenger denied the defendant's motion to dismiss the adversary proceeding, finding that "the factual allegations in [the debtor/plaintiff's] operative complaint plausibly suggest that [the defendant's] rescission of the policies was invalid under Wisconsin law." In re Charmoli,

3

Case 2:23-cv-00321-PP   Filed 06/13/23   Page 3 of 10   Document 3

Adv. Proc. No. 22-02130-gmh, 2023 WL 3185264, at *1 (Bankr. E.D. Wis. Apr. 28, 2023). On May 12, 2023, the defendant appealed Chief Judge Halfenger's decision to the district court. Aspen American Insurance Co. v. Charmoli, Case No. 23-cv-00610-BHL (E.D. Wis.).

**II.    Analysis**

The defendant asks the court to withdraw the reference under 28 U.S.C. §157(d), Federal Rule of Bankruptcy Procedure 5011 and E.D. Wis. Bankruptcy Local Rule 5011. "A motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Although bankruptcy courts "are without jurisdiction to hear a motion for withdrawal," they may "make recommendations to the district court as to whether this should be done." Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) (citations omitted). See Dkt. No. 1-1 at 137 (Chief Judge Halfenger stating that he "makes this report and recommendation to assist the district court").

Chief Judge Halfenger has recommended that this court deny the defendant's motion to withdraw the reference as premature or "withdraw the reference only for the purpose of conducting a trial, otherwise leaving the reference in place so that the bankruptcy court may oversee all pretrial matters, including any motions for summary judgment." Dkt. No. 1-1 at 136. Chief Judge Halfenger found that the "bankruptcy court is well situated to preside over this proceeding through the pretrial stage, and the interests of judicial economy and fidelity to Congress's division of judicial labor favor

4

leaving the reference in place until the matter is ready for trial, presuming the parties are unable to resolve it before then." Id.

In its objections, the defendant argues that Chief Judge Halfenger's recommendation is erroneous because "the fact that the sole claim asserted in the Complaint is non-core, when combined with the other factors used to determine whether withdrawal of the reference ought to occur, militates strongly in favor of withdrawing the reference." Dkt. No. 2 at 3–4. The defendant asserts that the adversary proceeding "involves complex matters of Wisconsin law concerning contract interpretation and insurance law which are regularly tried in the district courts" and that "immediate withdrawal of the reference in this case would promote judicial economy and reduce litigation costs because the parties would not be forced to relitigate non-core issues in the district court." Id. at 2, 4–7.

Under 28 U.S.C. §157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." This portion of the statute refers to "permissive withdrawal."[2] The statute does not define "for cause shown," and "[t]he Seventh Circuit has not formulated a test to determine the appropriateness of permissive withdrawal . . . ." Herman v. Stetler, 241 B.R.

---

[2] The statute also provides for "mandatory withdrawal": "The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. §157(d) (emphasis added). The defendant has not argued that "mandatory withdrawal" is required here.

5

206, 210 (E.D. Wis. Nov. 18, 1999). Courts in this circuit routinely consider the following factors: whether the proceeding is core or non-core; judicial economy and convenience; promoting uniformity and efficiency of bankruptcy administration; forum shopping and confusion; conservation of debtor and creditor resources; the court's familiarity with the case; and whether the parties requested a jury trial.[3]

District courts have "broad discretion in determining whether to withdraw a reference based on cause . . . ." In re K&R Express Sys., Inc., 382 B.R. 443, 446 (N.D. Ill. 2007). See also S.V. v. Kratz, Nos. 12–C–705, 10–C–919, 2012 WL 3070979, at *2 (E.D. Wis. July 26, 2012) (same). But "permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" K&R Express Sys., 382 B.R. at 446 (quoting Xonics v. First Wis. Fin. Corp., 813 F.2d 127, 131 (7th Cir. 1987)). See also Kemp v. Nelson, No. 16-CV-1546-JPS, 2016 WL 7177508, at *1 (E.D. Wis. Dec. 9, 2016) (same); Vlastelica v. Novoselsky, No. 15–cv–0910, 2015 WL 6393968, at *1 (E.D. Wis. Oct. 21,

---

[3] Kemp v. Nelson, No. 16-CV-1546-JPS, 2016 WL 7177508, at *1 (E.D. Wis. Dec. 9, 2016); Vlastelica v. Novoselsky, No. 15–cv–0910, 2015 WL 6393968, at *1 (E.D. Wis. Oct. 21, 2015); In re Triad Grp., Inc., Nos. 13–C–1307, 13–C–1308, 13–C–1389, 2014 WL 580778, at *1 (E.D. Wis. Feb. 14, 2014); In re Archdiocese of Milwaukee, No. 11–20059–SVK, 2013 WL 660018, at *1 (E.D. Wis. Feb. 22, 2013); S.V. v. Kratz, Nos. 12–C–705, 10–C–919, 2012 WL 3070979, at *2 (E.D. Wis. July 26, 2012); In re Emerald Casino, Inc., 467 B.R. 128, 135 (N.D. Ill. 2012); Dandridge v. Aurora Health Care Inc., No. 09–C–1200, 2010 WL 1186339, at *1 (E.D. Wis. Mar. 19, 2010); In re K&R Express Sys., Inc., 382 B.R. 443, 446 (N.D. Ill. 2007); Herman, 241 B.R. at 210 (citing In re Coe–Truman Techs., Inc., 214 B.R. 183, 187 (N.D. Ill. 1997)); In re Sevko, Inc., 143 B.R. 114, 117 (N.D. Ill. 1992).

2015) (same); Kratz, 2012 WL 3070979, at *2 (same); In re Emerald Casino, Inc., 467 B.R. 128, 136 (N.D. Ill. 2012) (referring to its case as "the unusual circumstance in which withdrawal of the reference is appropriate"). "Application of the ordinary rule prevents withdrawal of the reference from becoming 'an escape hatch from bankruptcy to district court.'" In re Neumann Homes, Inc., 414 B.R. 383, 387 (N.D. Ill. 2009) (quoting Gecker v. Marathon Fin. Ins. Co., Inc., RRG, 391 B.R. 613, 615 (N.D. Ill. 2008)). As the party seeking withdrawal, it is the defendant's burden to establish that withdrawal is warranted. Kemp, 2016 WL 7177508, at *1; Vlastelica, 2015 WL 6393968, at *1.

The factors of judicial economy and convenience, uniformity in bankruptcy administration, forum shopping/confusion, the court's familiarity with the case and conservation of resources all favor denying the motion and leaving the case in the bankruptcy court until trial. This case is in its early stages, the parties' Rule 26(f) report indicates that they will require several months to complete discovery and the bankruptcy court is well-positioned to oversee discovery and pretrial motions. In fact, as Chief Judge Halfenger himself pointed out, the current decrease in bankruptcy filings and this court's obligation to prioritize criminal litigation (as well as its civil case load) support the conclusion that the bankruptcy court is *better* positioned than this district court to resolve the adversary proceeding quickly and efficiently. The bankruptcy court is more familiar with the facts and circumstances of the

7

case,[4] and Chief Judge Halfenger already had decided the defendant's motion to dismiss the adversary proceeding. As Chief Judge Halfenger's report and recommendation laid out, promoting uniformity and efficiency of bankruptcy administration also weighs in favor of denying withdrawal of the reference. See Dkt. No. 1-1 at 142–43. The bankruptcy court has overseen and will preside over the underlying bankruptcy proceedings, another related adversary proceeding and the plan of reorganization.

The defendant takes issue with Chief Judge Halfenger's suggestion "that district courts should not withdraw the reference until non-core matters are ready for trial because 'Congress's division of judicial labor favor leaving the reference in place until the matter is ready for trial. . . .'" Dkt. No. 2 at 2 (quoting Dkt. No. 1-1 at 136). The defendant asserts that "[t]rial readiness . . . is not a condition to finding cause to withdraw the reference." Id. That is true, as far as it goes. But district courts routinely decline to withdraw the reference when a case is in its early stages because "[i]n the interests of judicial economy and efficient administration of the bankruptcy estate, the bankruptcy court is better suited to manage all pretrial matters . . . ." Neumann Homes, 414 B.R. at 387. See, *e.g.*, Kemp, 2016 WL 7177508, at *3 (finding "that the wiser exercise of discretion and use of its limited resources is to permit the bankruptcy court to hear all pretrial matters arising in the adversary proceeding"); Off. Comm. of Unsecured Creditors of Country Stone Holdings, Inc. v. First Midwest Bank,

---

[4] The judge who presided over the debtor/plaintiff's criminal case in the Eastern District of Wisconsin was Judge Lynn Adelman. This court is not familiar with the facts of the criminal case; Chief Judge Halfenger is.

No. 15-cv-04063-SLD, 2016 WL 1259378, at *3 (C.D. Ill. Mar. 30, 2016) ("This litigation is at the very earliest phases; if it appears that a jury trial will indeed occur, the parties may move again to withdraw the reference on that basis."); In re Bulk Petroleum Corp., No. 11–C–28, 2011 WL 679419, at *2 (E.D. Wis. Feb. 16, 2011) (withdrawing the reference because "this case is very nearly trial-ready"). And "[d]istrict courts retain discretion over the precise timing of the withdrawal . . . ." Bulk Petroleum Corp., 2011 WL 679419, at *1. See also Vicars Ins. Agency, 96 F.3d at 954 (stating that permissive withdrawal "allows a district court to withdraw, *at any time*, even a part of a case or proceeding on its own motion or that of a party, for cause shown") (emphasis added).

The defendant also argues that Chief Judge Halfenger's recommendation failed to recognize that whether the proceeding is non-core is the most important factor in determining whether to withdraw the reference. Dkt. No. 2 at 2, 3 (citing K&R Express Sys., 382 B.R. at 446; Brandt v. Leasing One Corp., No. 14 C 979, 2014 WL 1797651, at *2 (N.D. Ill. May 6, 2014); Emerald Casino, 467 B.R. at 135). Courts have explained that the distinction between core and non-core proceedings is the most important factor because "'efficiency, uniformity and judicial economy concerns are largely consumed within it,'" which "is mainly because a bankruptcy judge cannot enter a final judgment in a non-core proceeding." In re Archdiocese of Milwaukee, No. 11–20059–SVK, 2013 WL 660018, at *1 (E.D. Wis. Feb. 22, 2013) (quoting K&R Express Sys., 382 B.R. at 446). But "[w]hether a claim is core or non-core is not dispositive of the motion to withdraw." Id. at *1 (internal quotations and citation omitted). It

9

is only one of the six or seven factors that courts in this circuit traditionally consider. And as the court and Chief Judge Halfenger have explained, several of the other factors (judicial economy and convenience; promoting uniformity and efficiency of bankruptcy administration; conservation of debtor and creditor resources; the court's familiarity with the case) weigh strongly in favor of *not* withdrawing the reference at this time.

The court agrees with Chief Judge Halfenger's recommendation, dkt. no. 1-1 at 141–45, and will deny without prejudice the defendant's motion to withdraw the reference.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to withdraw the reference. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 13th day of June, 2023.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**